Michael COLEMAN, and all others similarly situated, Appellant,

v.

William WATT, City of Little Rock, Arkansas, Appellees.

American Civil Liberties Union of Arkansas, Inc., Amicus Curiae.

No. 94–1120.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1994.

Decided Oct. 25, 1994.

---

to a mandatory impoundment order issued by Municipal Court Judge William Watt. Coleman's suit against the City of Little Rock and Judge Watt was dismissed for failure to state a claim upon which relief can be granted. The district court denied Coleman's request for certification as a class action, and dismissed Coleman's claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments. Because we find that a one-week delay between an impoundment and a first hearing may constitute a denial of due process, we remand to the district court for further proceedings. On all other issues, we affirm.

## I. BACKGROUND

On May 18, 1993, William Watt, an elected judge of the Little Rock Municipal Court, Traffic Division, issued an "Order" directing the officers of the Little Rock Police Department to impound any vehicle stopped for violating any one or more of some fourteen state statutes.[1] The order mandates that impounded vehicles be held until the registered owner pays all fees, costs, and fines related to the licensing of the vehicle. The order specifically targets "offenders charged with violations of non-moving misdemeanor and violation charges." As a rationale for mandatory impoundment, the order cites the increasing number of such cases, the resulting enforcement and adjudication costs, and the "significant security risk for the public and law enforcement personnel" created by "the lack of proper identification for the individual and for the vehicle."

The order provides that officers will assist the operators of impounded cars in gaining access to a telephone in order to make arrangements for alternative transportation. The order instructs the officer impounding the vehicle to inform the operator of the vehicle of the steps necessary to secure the return of the vehicle: first, an appearance before the Little Rock Municipal Court "on

Gregory E. Bryant, Little Rock, AR, for appellant.

Paul D. White, Little Rock, AR, for appellees.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

HEANEY, Senior Circuit Judge.

The central issue raised on this appeal is whether any of Michael Coleman's federal constitutional rights were violated when his car was seized and held for eight weeks by the Little Rock Police Department pursuant

---

1. The statutes whose violation will trigger mandatory impoundment under the Order include driving without a valid license, Ark.Stat.Ann. § 27–16–602; driving under a suspended license, Ark.Stat.Ann. §§ 5–65–105, 27–16–303; operating without license plates, Ark.Stat.Ann. § 27–14–304; failure to carry proof of current registration and insurance, Ark.Stat.Ann. §§ 27–14–705, 27–14–714, 27–22–104; and the improper display of vehicle tags, Ark.Stat.Ann. § 27–14–716.

or before the assigned Court appearance date" to satisfy any "fines, costs or other sanctions as deemed necessary by the Court"; and second, the presentation to the court of current registration and insurance papers and a valid Arkansas driver's license. The order states that impoundment is mandatory in all cases, except those in which the Arkansas registration for the vehicle has been expired for less than ninety (90) days. In such cases, the officer is directed to exercise discretion as to the circumstances concerning the failure to renew the registration.

The amended complaint alleges the following facts. On September 15, 1993, Michael Coleman was stopped by a Little Rock police officer for allegedly committing various traffic offenses. At the time he was stopped, Coleman had in force adequate insurance protection on the vehicle, had paid the appropriate sales tax, and had taken all steps necessary to comply with registration requirements imposed by state statute. However, the records of the Department of Finance and Administration, the state regulatory agency responsible for collecting sales taxes on automobiles and issuing driver's licenses and license plates, were not promptly updated and did not reflect that Coleman had properly registered his vehicle. Because Coleman could not produce documents reflecting proof of insurance or proof of registration, the Little Rock Police Department seized and impounded his vehicle. Coleman alleges that at the time of the impoundment he was given no notice of any opportunity to appear before a judicial officer to present proof of his vehicle's proper registration and insurance coverage.

One week after the impoundment, on September 22, 1993, Coleman appeared before Judge William Watt to obtain the return of his car. Coleman presented a photocopy of his registration slip, but Judge Watt found this evidence insufficient. Judge Watt ordered Coleman to return to court on October 14, 1993, to present further evidence of proper registration, title, and insurance. Following the second hearing on October 14, Judge Watt again found Coleman's proof insufficient and refused to release Coleman's car. On November 9, 1993, after a third hearing,

Judge Watt finally ordered the return of Coleman's car.

On October 19, 1993, Coleman filed a class action suit under 42 U.S.C. § 1983 against Judge Watt and the City of Little Rock requesting both damages and injunctive relief. The amended complaint was dismissed by the district court on December 17, 1993, for failure to state a claim upon which relief can be granted. The court ruled that (1) Coleman had failed to establish the requisite elements for class certification, (2) the impoundment did not violate the Excessive Fines Clause of the Eighth Amendment, (3) Judge Watt's order did not violate the Fourth Amendment's prohibition against unreasonable seizures, and (4) neither the order nor the impoundment deprived Coleman of procedural or substantive due process.

Coleman challenges each of these rulings on appeal.

## II. ANALYSIS

### A. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, we must assume that all the facts alleged in the complaint are true. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The complaint must be liberally construed in the light most favorable to the plaintiff. *Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir.1982). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986). Whether a complaint states a cause of action is a question which this court reviews de novo. *Hamm v. Groose,* 15 F.3d 110, 112 (8th Cir.1994).

### B. CLASS CERTIFICATION

Coleman seeks certification of a plaintiff class under Federal Rule of Civil Procedure 23. In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met. *Smith v. Merchants & Farmers Bank of West Helena,*

574 F.2d 982, 983 (8th Cir.1978). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The determination made by the district court will not be set aside unless there was an abuse of discretion. *Smith,* 574 F.2d at 983.

■ We find no abuse of discretion in the district court's refusal to certify this plaintiff class. Coleman's amended complaint contains only the barest of conclusory allegations, and fails even to state that Coleman will fairly represent the interests of the purported class. Coleman identifies the class as "others who are similarly situated" without providing any detailed guidance as to how the class is to be defined and identified. As the district court pointed out, Judge Watt's order mandates the impoundment of vehicles for a broad range of infractions, including safety, insurance, registration, and criminal offenses. In light of the widely varying circumstances which might trigger the order's mandatory impoundment provisions, Coleman failed to meet the requirements of commonality and typicality. In addition, we note Coleman's failure to justify his claim of numerousness with any reliable standards or estimates. That being so, the district court did not err in concluding that Coleman failed to meet his burden in establishing the existence of a group of identifiable plaintiffs appropriate for class certification.

## C. INJUNCTIVE RELIEF

Because Coleman has failed to meet the test for class certification, his request for injunctive relief must be analyzed only as applied to him. In *Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983), the Supreme Court held that equitable relief is available only where the plaintiff who had suffered a prior injury has shown that there is a "real or immediate threat that the plaintiff will be wronged again in a similar way...." A speculative or hypothetical claim of future injury is insufficient to generate standing. *Shipman v. Missouri Dep't of Social Serv.,* 877 F.2d 678, 681 (8th Cir.1989).

■ Coleman has failed to satisfy this requirement, as he has not produced any evidence, or even alleged, that there is a likelihood that he will be subjected in the future to the impoundment policy. Accordingly, Coleman lacks standing to seek relief restraining the City from towing and disposing of vehicles pursuant to Judge Watt's order. Nor has Coleman established standing to challenge Judge Watt's implementation of the order. The district court did not err in dismissing Coleman's claims for injunctive relief.

## D. JUDICIAL IMMUNITY

■ We turn next to Coleman's claim for monetary damages against Judge Watt. State judicial officers enjoy absolute immunity from suits for monetary damages for their judicial acts. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Supreme Court has articulated an extremely limited exception to this general rule: when judges act in the "clear absence of all jurisdiction." *Id.* at 357. Because the subject matter of his order fell within the ambit of a municipal traffic court's statutory grant of jurisdiction, *see* Ark.Stat.Ann. § 16–17–704, we do not find that Judge Watt acted in the absence of jurisdiction. If anything, as the district court acknowledged, Judge Watt acted in excess of his jurisdiction, but not in its total absence. The Supreme Court's holdings make clear that acts which merely exceed jurisdiction will not strip state judicial officers of their absolute immunity from suits for damages. *Stump,* 435 U.S. at 358, 98 S.Ct. at 1105–06; *Mireles v. Waco,* 502 U.S. 9, ——, 112 S.Ct. 286, 288–89, 116 L.Ed.2d 9, 14 (1993).

Recognizing Judge Watt's absolute immunity from damages arising out of the order, we hold that the district court properly dis-

missed Coleman's claim for monetary damages against him.

### E. COLEMAN'S DAMAGES CLAIM AGAINST THE CITY

We turn next to the question of whether Coleman has pleaded a sufficient basis for liability on the part of the City of Little Rock to withstand a motion to dismiss.

First, we must determine whether Coleman's amended complaint has alleged facts which, if proven, would a constitute a violation of the Constitution or laws of the United States. Coleman contends that the order and impoundment violate the Due Process Clause of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the Unreasonable Seizures Clause of the Fourth Amendment. The district court rejected each of these claims, and we consider each in turn. We conclude that Coleman has identified a constitutional defect in the provisions of Judge Watt's order pertaining to the timing of the required postdeprivation hearing.

Second, we are called upon to decide whether the City of Little Rock may be held liable as a municipal entity for the due process violation alleged by Coleman. We hold that it may.

### 1. Procedural due process

■ Coleman alleges that the order violates the Due Process Clause on its face by failing to provide for a prompt hearing on the validity of the seizure. Due process requires that certain procedures be followed before an individual can be deprived of protected property interests. *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). Due process is a flexible concept, and its procedural protections will vary depending on the particular deprivation involved. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484

(1972). In general, due process requires that a hearing before an impartial decisionmaker be provided at a meaningful time, and in a meaningful manner. *Mathews*, 424 U.S. at 332, 96 S.Ct. at 901. To determine what process is required, three factors must be weighed: (1) the nature and weight of the private interest affected by the challenged official action; (2) the risk of an erroneous deprivation of such interest as a result of the summary procedures used; and (3) the governmental function involved and state interests served by such procedures, as well as the administrative and fiscal burdens, if any, that would result from the substitute procedures sought. *Id.* at 334, 96 S.Ct. at 902.

In similar cases involving the impoundment of vehicles, courts have uniformly held that due process requires a prompt hearing before an impartial decisionmaker.[2] We agree. Coleman has not suggested that he was entitled to a predeprivation hearing. Neither has the City of Little Rock denied that due process requires a postdeprivation hearing. Rather, Coleman's claim rests upon the issue of promptness: whether the order's provisions for the timing of the post-deprivation hearing satisfy the demands of procedural due process. Our application of the *Mathews* factors to the alleged facts before us reveals that the order is unconstitutional on its face because it fails to provide for adequately prompt hearings.

■ We begin with the private interests. The use of an automobile constitutes a protected property interest under 42 U.S.C. § 1983. *Sutton v. City of Milwaukee*, 672 F.2d 644, 645 (7th Cir.1982); *Stypmann v. City & Cty. of San Francisco*, 557 F.2d 1338, 1342 (9th Cir.1977). The property interest extends to the uninterrupted use of the vehicle. *See, e.g., Scofield v. City of Hillsborough*, 862 F.2d 759, 762 (9th Cir.1988). Automobiles occupy a central place in the lives of most Americans, providing access to jobs,

---

2. *See, e.g., Scofield v. City of Hillsborough*, 862 F.2d 759 (9th Cir.1988); *Goichman v. City of Aspen*, 859 F.2d 1466 (10th Cir.1988); *Draper v. Coombs*, 792 F.2d 915 (9th Cir.1986); *Frier v. City of Vandalia*, 770 F.2d 699 (7th Cir.1985); *Miller v. City of Chicago*, 774 F.2d 188 (7th Cir.1985); *De Franks v. Mayor and City Council of Ocean City*, 777 F.2d 185 (4th Cir.1985); *Coki-*

nos v. DC, 728 F.2d 502 (D.C.Cir.1983); *Goichman v. Rheuban Motors Inc.*, 682 F.2d 1320 (9th Cir.1982); *Sutton v. City of Milwaukee*, 672 F.2d 644 (7th Cir.1982); *Craig v. Carson*, 449 F.Supp. 385 (M.D.Fla.1978); *Stypmann v. City & Cty. of San Francisco*, 557 F.2d 1338 (9th Cir.1977); *Remm v. Landrieu*, 418 F.Supp. 542 (E.D.La. 1976).

schools, and recreation as well as to the daily necessities of life. Consequently, we find that Coleman's interest in a speedy hearing to adjudicate the validity of the impoundment is substantial.

The risk of erroneous deprivation is neither increased nor decreased by the timing of the postdeprivation hearing. However, we note that a more expeditious hearing would significantly reduce the harm suffered by owners wrongly deprived of the use of their vehicles.

We turn next to the state's interests in delaying the required hearing. Aside from a possible increase in inconvenience, we can detect none. Given that a hearing must be provided in any event, the additional administrative and financial burden imposed by a prompt and expeditious hearing will be small.

In balancing these interests in similar cases, other courts have reached fairly consistent results. The Ninth Circuit has held that while a 48-hour delay between towing and hearing satisfies due process, *Goichman v. Rheuban Motors Inc.*, 682 F.2d 1320, 1323–25 (9th Cir.1982), five days is unconstitutional:

> A five-day delay in justifying detention of a private vehicle is too long. Days, even hours, of unnecessary delay may impose onerous burdens upon a person deprived of his vehicle . . . .
>
> [A] five-day delay is clearly excessive . . . .

*Stypmann*, 557 F.2d at 1344. Ordinances that provide for delays of less than forty-eight hours have been consistently upheld. The D.C. Circuit has approved a law that provides for a post-tow hearing on demand during normal working hours. *Cokinos v. District of Columbia*, 728 F.2d 502 (D.C.Cir. 1983). The Fourth Circuit has upheld a towing ordinance which provides for notice within one day of the tow, with a hearing provided within twenty-four hours of a request. *De Franks v. Mayor and City Council of Ocean City*, 777 F.2d 185 (4th Cir.1985). The Tenth Circuit has upheld an ordinance under which a hearing on the merits is available on demand within normal working hours. *Goichman v. City of Aspen*, 859 F.2d 1466 (10th Cir.1988).

The Fifth Circuit has taken a somewhat different approach. Whereas the Ninth Circuit and the Southern District of New York have held that due process does not require a city to permit owners to retrieve their cars by posting bond pending a hearing on the validity of the tow, *see Goichman v. Rheuban Motors Inc., supra,* and *DeYoung v. City of New York,* 607 F.Supp. 1040 (S.D.N.Y.1985), the Fifth Circuit has held constitutional an appearance bond procedure coupled with an eventual hearing on the merits of the underlying traffic ticket. *Breath v. Cronvich,* 729 F.2d 1006 (5th Cir.1984). Putting these cases together, it is clear that a city can provide a less-than-prompt hearing, but only if the owner is permitted to regain the use of the impounded vehicle in the interim.

■ Coleman has alleged a seven-day delay between the seizure of his car and the first hearing. Our analysis leads us to agree with the Ninth Circuit and hold that a seven-day delay is clearly excessive. The district court dismissed this portion of Coleman's claim because "under the General Order, plaintiff was entitled to go to court *before* the assigned court appearance date of September 22, 1993, if he had so chosen." However, Coleman's amended complaint alleged that, when his vehicle was seized, "he was not provided notice of opportunity to appear before any judicial officer to prove his vehicle was unlawfully seized and impounded." We conclude that the question of what caused the seven-day delay is too fact intensive to permit dismissal of this claim on the pleadings.

Having established that Coleman has properly alleged a due process violation, we must determine whether the City of Little Rock can be held liable for it under 42 U.S.C. § 1983. Under *Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), municipalities are liable as "persons" under section 1983, but only for their own unconstitutional or illegal policies. Specifically, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government

as an entity is responsible under § 1983." *Id.* at 694, 98 S.Ct. at 2037–38.

We need not decide whether a municipal court judge acts as an official policymaker for the City of Little Rock because Coleman has alleged that both the City and its chief of police "adopted" Judge Watt's general order as an official policy governing the conduct of the Little Rock Police Department. The police chief is alleged to be "an official policymaker for the City of Little Rock." Thus, Coleman's damages claim against the City cannot be dismissed under *Monell* and its progeny for failure to allege an official policy.

The district court also held that Coleman's section 1983 claims against the City of Little Rock were barred under *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and *Allen v. City of Kinloch,* 763 F.2d 335 (8th Cir. 1985), because the Arkansas replevin statute provides a meaningful postdeprivation remedy for random and unauthorized acts by municipal employees. We do not agree that *Parratt* and its progeny apply to Coleman's procedural due process claim. As the cases cited by the district court emphasize, the availability of state law postdeprivation remedies bears relevance *only* where the challenged acts of state officials can be characterized as random and unauthorized. *See Parratt,* 451 U.S. at 541, 101 S.Ct. at 1916, *Hudson,* 468 U.S. at 533, 104 S.Ct. at 3203–04. In contrast, Coleman's suit stems from actions taken pursuant to a specific, written order issued by the Little Rock Municipal Court. We conclude that *Parratt* erects no barrier to Coleman's ability to pursue a section 1983 action against the City for its alleged failure to provide constitutionally prompt hearings.

We note that Coleman yet faces several evidentiary hurdles that he must surmount to establish that he himself was subjected to an unconstitutional delay under the order. The record before us is unclear on at least two key issues: first, the actual source of the seven-day delay, and second, the role of municipal officials in adopting Judge Watt's order as official policy. If, for example, the first hearing date was routinely assigned by the municipal court pursuant to the order or to other established procedures, then Coleman's due process claim will pass the threshold test of causation. If, on the other hand, Coleman had actual notice of the availability of an earlier opportunity to be heard but sat on his rights for several days before requesting a hearing, then Coleman cannot complain that the City failed to provide a constitutionally prompt hearing. For the purposes of the City's motion to dismiss, we must construe Coleman's allegations in the light most favorable to him and assume that the seven-day delay was due to the order, to the scheduling policies of the municipal court, and to the official policies of the City. To recover on his claimed due process violation, Coleman must meet his burden of proof on each of these assumptions: He must prove that the chief of police or some other official policymaker adopted Judge Watt's order as an official policy, and that the execution of that policy in fact caused his asserted injury. Such facts, if proven, would establish a violation of procedural due process for which the City of Little Rock may be held liable.

### 2. Substantive due process

Coleman asserts that Judge Watt lacked the legal authority to issue such a sweeping order. We agree with the district court that this issue is not relevant to the resolution of Coleman's section 1983 action. A state's police power clearly extends to the enforcement of laws and regulations governing public safety on roads and highways, including vehicle registration, insurance requirements, and the licensing of drivers. Within the broad confines of the federal Constitution, a state may choose to allocate lawmaking authority among the three branches of state government as it sees fit. If Judge Watt acted outside the bounds of his statutory authority, it is a matter of state law for the state courts to address.

Coleman also attacks the order as overbroad, making essentially a substantive due process claim of arbitrariness and irrationality. All state statutes, ordinances, and regulations may be challenged on the basis that they are wholly arbitrary or irrational in

purpose or means. *See Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 82–84, 98 S.Ct. 2620, 2635–37, 57 L.Ed.2d 595 (1978); *Miller v. City of Chicago,* 774 F.2d 188 (7th Cir.1985). On the basis of the record before us, we cannot draw any conclusions as to the asserted irrationality or arbitrariness of Judge Watt's order. The district court's memorandum and order makes no disposition of this claim, and it will therefore remain open on remand. We note, however, that the presumption of rationality will not easily be overcome. *See Duke Power,* 438 U.S. at 82–84, 98 S.Ct. at 2635–37.

### 3. Eighth Amendment

■■■ Coleman's argument that the temporary deprivation of his car constitutes an excessive fine in violation of the Eighth Amendment merits little discussion. The term "fine" denotes a payment extracted by the government and payable to the government. *See Browning–Ferris Indus. v. Kelco Disposal Inc.,* 492 U.S. 257, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989). A deprivation by the government must be intended to be permanent to constitute a fine, as in the case of civil forfeitures. *See, e.g., Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (Excessive Fines Clause may limit the amount of in rem civil forfeitures sought by the government); *Alexander v. United States,* —— U.S. ——, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993) (Excessive Fines Clause applies to forfeiture of assets under RICO). Because we agree that the temporary impoundment of a vehicle cannot fairly be considered a fine, we affirm the district court's dismissal of Coleman's Eighth Amendment claim.

### 4. Fourth Amendment

Coleman asserts that the impoundment of his car constituted an unreasonable seizure in violation of the Fourth Amendment. The reasonableness standard of the Fourth Amendment applies to any seizure by the government in any context. *See Soldal v. Cook County,* —— U.S. ——, —— – ——, 113 S.Ct. 538, 543–48, 121 L.Ed.2d 450 (1992) (removal of a mobile home); *United States v. Cardona–Sandoval,* 6 F.3d 15, 21–23 (1st Cir.1993) (commandeering of an ocean vessel); *Conner v. City of Santa Ana,* 897 F.2d 1487, 1490–92 (9th Cir.1989), *cert. denied,* 498 U.S. 816, 111 S.Ct. 59, 112 L.Ed.2d 34 (1990) (seizure of junked cars). A property seizure occurs when the government's intrusion "meaningfully interferes" with an individual's possessory interest. *U.S. v. Jacobsen,* 466 U.S. 109, 120, 104 S.Ct. 1652, 1660, 80 L.Ed.2d 85 (1984).

The Supreme Court recently reemphasized that " 'reasonableness is still the ultimate standard' under the Fourth Amendment...." *Soldal v. Cook County,* —— U.S. ——, ——, 113 S.Ct. 538, 549, 121 L.Ed.2d 450, 465 (1992) (quoting *Camara v. Municipal Court of San Francisco,* 387 U.S. 523, 539, 87 S.Ct. 1727, 1736, 18 L.Ed.2d 930 (1967)). The *Soldal* decision articulated a substantial barrier to a finding of unreasonableness when the officers seizing property are acting pursuant to a court order:

> [T]he reasonableness determination will reflect a "careful balancing of governmental and private interests." [Citation omitted]. Assuming for example that the officers were acting pursuant to a court order, as in *Specht v. Jensen,* 832 F.2d 1516 (CA10 1987), or *Fuentes v. Shevin,* 407 U.S. 67, 32 L.Ed.2d 556, 92 S.Ct. 1983 (1972), and as often would be the case, a showing of unreasonableness on these facts would be a laborious task indeed.

*Id.,* —— U.S. at ——, 113 S.Ct. at 549, at 465.

Coleman has made no such laborious showing. Coleman suggests that any seizure made pursuant to the order is unreasonable because the order is unconstitutionally overbroad and because the order was issued without legislative authority. We do not agree. We have identified one federal constitutional infirmity: the order's failure to provide for prompt hearings. For purposes of the federal Constitution, that defect does not render all seizures made pursuant to the order automatically unreasonable.

■■■ Because the Little Rock Police Department acted pursuant to Judge Watt's general order, we hold that its seizure of Coleman's car was not unreasonable under the Fourth Amendment.

## CONCLUSION

In accordance with the foregoing, we affirm the district court's denial of class certification and its dismissal of Coleman's Fourth and Eighth Amendment claims. Because we find that Coleman properly stated a claim under § 1983 against the City of Little Rock for adopting as its policy an order that denied Coleman a constitutionally prompt post-deprivation hearing, we reverse the district court's dismissal of Coleman's procedural due process claim. We remand for further action consistent with this opinion.