Diane **MANN**, Plaintiff,

v.

**DUKE MANUFACTURING CO.**, Defendant.

No. 4:96–CV–0277 CAS.

United States District Court,
E.D. Missouri,
Eastern Division.

April 16, 1996.

**416**

Elkin L. Kistner, Latourette and Schlueter, St. Louis, MO, for Plaintiff.

Laura J. Kipnis and J. Vincent Keady, Jr., Blumenfeld and Kaplan, St. Louis, MO, for Defendant.

### MEMORANDUM AND ORDER

SHAW, District Judge.

This matter is before the Court on defendant Duke Manufacturing Co.'s ("Duke") motion to dismiss Count I of plaintiff's Petition. Plaintiff does not oppose the motion, but instead has filed a motion for leave to file a Second Amended Complaint.

*Background.* On January 4, 1996, plaintiff filed a petition in the Circuit Court of the City of St. Louis asserting claims against Duke, her former employer, under the Missouri Human Rights Act ("MHRA"), Chapter 213, R.S.Mo (Count I), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* (Count II). On February 8, 1996, Duke removed the case to this Court based on federal question jurisdiction. On February 14, 1996, plaintiff filed her Amended Complaint as a matter of right under Federal Rule of Civil Procedure 15(a). The Amended Complaint asserted only a claim under the MHRA.

The next day, Duke filed its motion to dismiss plaintiff's MHRA claim on the basis that it is untimely. Plaintiff responded by filing a motion for leave to amend her complaint. The proposed Second Amended Complaint asserts both MHRA and ADA claims. Duke opposes the granting of leave, arguing that plaintiff voluntarily dismissed her ADA claim, and the statute of limitations has now run on filing the ADA claim. Plaintiff responds that her ADA claim relates back to the time her original petition was filed, under Fed.R.Civ.P. 15(c).

*Discussion.*

### A. Plaintiff's Motion for Leave to Amend.

The Court will first address plaintiff's motion for leave to file a Second Amended Complaint. Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32, 91 S.Ct. 795, 802–03, 28 L.Ed.2d 77 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (i) whether the motion was filed in bad faith or with dilatory motive; (ii) whether the motion was filed with undue delay; (iii) whether leave to amend would be unduly prejudicial to the opposing parties; and (iv) whether the proposed amendment would be futile. *See Williams v. Little Rock Municipal Water Works,* 21 F.3d 218, 224 (8th Cir. 1994); *General Electric Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir.1990).

As previously noted, Duke opposes the proposed amendment on the grounds

that (i) plaintiff voluntarily dismissed her ADA claim when she omitted it from the Amended Complaint, and (ii) the statute of limitations has now run on the ADA claim. Plaintiff responds that she has not voluntarily dismissed her ADA claim, and contends that under Rule 15(c), the Second Amended Complaint would relate back to the time of filing the original complaint. The Court agrees with plaintiff.

■ Rule 15(c)(2) allows the relation back of a claim that "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Thus, if the original pleading gives fair notice of the factual situation from which the claim or defense arises, an amendment which merely makes more specific what has already been alleged, or corrects a technical deficiency, will relate back even if the statute of limitations has run in the interim. *See* 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* §§ 1496–97 (2d ed.1990); Jeremy C. Moore et al., *Moore's Federal Practice* ¶ 15.15 (2d ed.1995). Notice is the critical element in determining whether a claim relates back under Rule 15(c). *Goodman v. Poland*, 395 F.Supp. 660, 684 (D.Md. 1975) (citations omitted).

In this case, plaintiff's original state court petition included MHRA and ADA claims, which were based on the same factual occurrences. Plaintiff sought to avoid federal jurisdiction over her action by filing an Amended Complaint which asserted only an MHRA claim. Plaintiff now seeks to reassert an ADA claim. It is clear that Duke was on notice of plaintiff's ADA claim and the facts underlying it at the time this action was originally filed, and cannot assert any prejudice as a result of the amendment. Thus, under Rule 15(c), relation back is appropriate.

■ Duke contends, however, that plaintiff abandoned her ADA claim and voluntarily dismissed it when she filed the Amended Complaint asserting only an MHRA claim. The Court disagrees. The cases cited by Duke are inapposite as they involved new actions filed after the statute of limitations had run and following voluntary dismissal pursuant to Rule 41(a).[1] In this case, plaintiff amended her complaint pursuant to Rule 15(a), but did not voluntarily dismiss her ADA claim. A change of the legal theory of an action is not considered a voluntary dismissal under federal procedure. *See Ross v. Philip Morris Co., Ltd.,* 164 F.Supp. 683, 689–90 (W.D.Mo.1958). Accordingly, the Court will observe the general rule that amendments should be liberally allowed, and plaintiff's motion for leave to file her Second Amended Complaint should be granted.

**B. Defendant's Motion to Dismiss.**

■ The Court now turns to Duke's motion to dismiss plaintiff's MHRA claim, Count I, as time barred.[2] As previously noted, plaintiff has not directly responded to Duke's motion. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The complaint must be liberally construed in a light most favorable to the plaintiff. *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir.1994); *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986). Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *Coleman,* 40 F.3d at 258; *Kohl v. Casson,* 5 F.3d 1141, 1148 (8th Cir.1993).

---

1. *See Garfield v. J.C. Nichols Real Estate,* 57 F.3d 662, 666 (8th Cir.1995) (voluntary dismissal without prejudice does not toll statute of limitations); *Smith v. Dowden,* 47 F.3d 940, 943 (8th Cir.1995) (same); and *Simons v. Southwest Petro–Chem, Inc.,* 28 F.3d 1029, 1030 (10th Cir. 1994) (same). *See also, Morgan Distributing Co., Inc. v. Unidynamic Corp.,* 868 F.2d 992, 994 (8th Cir.1989) (Relation-back principles of Rule 15(c) do not apply to the filing of a new complaint, but rather to the filing of an amendment stating a claim which arose out of conduct set forth in the original pleading).

2. Although the Court has permitted plaintiff to file her Second Amended Complaint, the substantive allegations of the MHRA count are unchanged. The Court will address the merits of Duke's motion to dismiss as though it had been initially directed to the Second Amended Complaint.

Duke's argument is that (i) plaintiff asserts her employment was terminated on August 6, 1993; (ii) plaintiff's original petition was filed on January 4, 1996; (iii) under R.S.Mo. § 213.111.1 (1994), an MHRA action must be filed no later than two years after the alleged cause of action accrued; and (iv) therefore, plaintiff's cause of action is time barred.

 The applicable statute of limitations, R.S.Mo. § 213.111.1, provides in pertinent part, "Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." This statute establishes a two-year period during which an MHRA action must be brought. It is clear from the face of plaintiff's petition and subsequent amended complaints that her cause of action under the MHRA accrued on August 6, 1993 when her employment was terminated. Because plaintiff alleges the termination of her employment, there can be no issue of a continuing violation. Plaintiff had to file suit by August 5, 1995 in order to meet the applicable two-year statute of limitations, and she failed to do so. *See Gipson v. KAS Snacktime Co., a Division of Borden, Inc.,* 874 F.Supp. 1548, 1551 (E.D.Mo.1993).

Thus, it appears beyond doubt that plaintiff can prove no set of facts which would entitle her to relief. *Coleman,* 40 F.3d at 258. Duke's motion to dismiss plaintiff's MHRA claim, Count I, should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file her Second Amended Complaint is **GRANTED.** [Doc. 10]

**IT IS FURTHER ORDERED** that defendant Duke Manufacturing Co.'s motion to dismiss Count I, plaintiff's Missouri Human Rights Act claim, is **GRANTED.** [Doc. 9]

An appropriate order of dismissal will accompany this memorandum and order.

### *ORDER OF PARTIAL DISMISSAL*

In accordance with the memorandum and order of this date and incorporated herein,

**IT IS HEREBY ORDERED** that plaintiff's claim under the Missouri Human Rights Act, Count I, is **DISMISSED with prejudice** as time barred.