# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3698

_____

| | |
|---|---|
| Matthew Joseph Sikora, Jr., | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska |
| Robert Houston, Warden, Lincoln | * |
| Correctional Center; John Does, | * [UNPUBLISHED] |
| | * |
| Appellees. | * |

_____

Submitted: June 15, 1998
Filed: June 25, 1998

_____

Before McMILLIAN, LOKEN and MURPHY, Circuit Judges.

_____

PER CURIAM.

Matthew J. Sikora, Jr., appeals from a final order of the United States District Court[1] for the District of Nebraska dismissing Sikora's 42 U.S.C. § 1983 action. For the reasons discussed below, we affirm.

Sikora brought this action against prison personnel at the Lincoln Correctional Center, claiming they violated his constitutional rights by their use of "electro static-

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

magnetic pressure field devices" that surround his body in pressure fields of varying degrees and frequencies. He alleged that their sole purpose was the destruction of his "mind, confidence, and spirit," and that the pressure fields caused him to suffer various physical problems. Following an initial dismissal, appeal, and remand from this court, see Sikora v. Houston, No. 96-1368, 1996 WL 185734, at *1 (8th Cir. Apr. 19, 1996) (unpublished per curiam), defendants moved to dismiss the action for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Sikora responded with a motion for summary judgment, arguing that defendants did not date the certificate of service in their motion to dismiss, that the motion was untimely, and that defendants continued to stalk him using their "directional digital satellite cyber technology." Concluding the complaint was delusional and therefore frivolous, the district court dismissed the complaint with prejudice, and denied as moot the summary judgment motion.

We conclude the complaint was subject to dismissal with prejudice. Defendants' failure to include a date on the certificate of service is not a bar to a properly filed motion, as neither the Federal Rules of Civil Procedure nor the district court's local rules require a date. Contrary to Sikora's contention, the motion to dismiss was timely filed. Finally, we conclude it appears beyond doubt that Sikora can prove no set of facts which would entitle him to relief. See Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994) (standard for dismissal under Fed. R. Civ. P. 12(b)(6)).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-