# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3075

_____

| | | |
|---|---|---|
| Cynthia E. Canady; Marva Jean Saunders, individually and representing a class of similarly situated persons, | * * * * | |
| Plaintiffs - Appellants, | * * | |
| Coleman McClain, et al., | * * | Appeal from the United States District Court for the |
| Intervenor Plaintiffs - Appellants, | * * | Western District of Missouri. |
| v. | * * | **[UNPUBLISHED]** |
| Allstate Insurance Company, et al., | * * | |
| Defendants - Appellees. | * | |

_____

Submitted: February 9, 1998
Filed: July 6, 1998

_____

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Named plaintiffs and others commenced this purported class action alleging that defendant insurance companies conspired to and did refuse to sell homeowners' insurance on equal terms to residents of predominantly minority neighborhoods in St. Louis and Kansas City, Missouri, thereby violating 42 U.S.C. §§ 1981, 1982, and

1985(3); the Fair Housing Act, 42 U.S.C. §§ 3601 et seq.; and Missouri common law. The district court[1] initially dismissed plaintiffs' § 1985(3) and common law conspiracy claims because the Complaint failed to allege facts suggesting "a meeting of the minds" among the insurers. After several months of discovery, the court ruled that, absent a viable claim of conspiracy, plaintiffs lack standing to sue defendants with whom they had no contact. The court denied plaintiffs' motion for class certification, concluding the proposed class -- "all persons who have owned a home located in a zip code in the State of Missouri whose minority population was 50% or greater according to the 1990 Census" -- was overbroad and did not meet Fed. R. Civ. P. 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of class representatives because of the standing deficiencies. The court then dismissed the Complaint without prejudice.

On appeal, plaintiffs argue the district court erred in dismissing their various conspiracy claims, in ruling that they lack standing, and in denying their motion for class certification. We review the court's refusal to certify a class for abuse of discretion. See Coleman v. Watt, 40 F.3d 255, 259 (8th Cir. 1994). After careful review of the record, we affirm for the reasons stated in the district court's thorough opinions. See 8th Cir. R. 47B. Plaintiffs also seek leave to supplement their original conspiracy pleadings. However, plaintiffs did not give the district court an opportunity to consider this issue nor explain on appeal how they would amend to save their claims. See Batra v. Board of Regents, 79 F.3d 717, 722 (8th Cir. 1996).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri.