# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1681

———————

| | | |
|---|---|---|
| Omaha World-Herald Company, | * | |
| | * | Appeal from the United States |
| Appellant, | * | District Court for the District |
| | * | of Nebraska. |
| vs. | * | |
| | * | [UNPUBLISHED] |
| Neasi-Weber International, | * | |
| | * | |
| Appellee. | * | |

———————

Submitted: December 15, 1999
Filed: January 11, 2000

———————

Before WOLLMAN, Chief Judge, FAGG, Circuit Judge, and BATTEY,[1] District Judge.

———————

PER CURIAM.

Omaha World Herald (OWH) brought this suit for recovery of licensing fees paid to Neasi-Weber International (NWI). The district court dismissed all counts of the suit pursuant to Fed. R. Civ. P. 12(b)(6). OWH appeals. We reverse.

On October 4, 1995, the parties entered into a contract whereby NWI granted OWH a non-exclusive license to use NWI's ADMARC software system ("the

_____

[1] The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

system"). Under the terms of the contract, NWI agreed to install the system at OWH's place of business. The installation is alleged to have been completed on February 29, 1996. The contract gave OWH 60 days after installation to test and reject the system. A failure to reject the system within the 60 days would result in OWH being deemed to have accepted the system. If OWH rejected the system, however, the contract provided NWI with 60 days to notify OWH of its intent to cure any defects. Should NWI fail in its efforts to cure the system within the 60-day period, then OWH would be entitled to a full refund of any monies paid. Any action for breach of the contract or rejection of the system was required to be commenced within one year after the cause of action accrued. In addition, the parties agreed that the contract could only be amended or rescinded through a writing signed by the parties.

On April 3, 1996, OWH alleges that it gave NWI notice that the system did not conform to the contract requirements. NWI then timely elected to attempt to cure the defects. NWI's notice was given on April 3, 1996 — thereby starting the 60-day cure period provided for in the contract. On June 2, 1996, (before the expiration of the 60-day cure period) OWH alleges that NWI approached OWH desiring additional time to cure said defects. NWI assured OWH that if granted additional time, NWI would be able to cure the defects in the system. According to OWH's amended complaint, OWH granted NWI an extension to cure until the earlier of NWI informing OWH that it could not cure the defects or until OWH provided NWI with notice that no further time to cure would be granted. By November 1997, it had become clear that NWI would be unable to cure the defects to the system. OWH thus informed NWI that it would not be given more time and demanded a full refund. NWI refused to provide the requested refund.

OWH brought suit seeking to recover monies paid under the contract. NWI filed a motion to dismiss the original and amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), citing OWH's failure to bring suit within the contractually agreed upon one-year limitations period.

The district court dismissed the action, holding that for purposes of the one-year limitation period, the cause of action began to accrue at the time of the breach — at least by April 3, 1996, thereby making OWH's suit untimely. The district court also rejected OWH's alternative contentions that either the one-year period of limitations was tolled during the one and one-half years in which NWI attempted to cure the defects to the system or that NWI should be equitably estopped from asserting that the limitations period had run.

In reviewing the district court's disposition of this case, it is important to remember the standard placed on the court when faced with a Rule 12(b)(6) motion to dismiss. A motion to dismiss should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L. Ed. 2d 80 (1957); see also Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). All that is required of a complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Furthermore, the complaint is to be construed in the light most favorable to the plaintiff. See Coleman, 40 F.3d at 258. Hence, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. See id.

OWH alleges that within the 60-day cure period it was approached by NWI and assured that if given additional time, NWI would "cure said defects." Based upon this assurance, OWH alleges that it granted NWI additional time to cure. For the next one and one-half years NWI worked on the system in the hopes of curing the defects until November 1997, the date that OWH notified NWI that no more time to cure would be given. After construing these facts in a light most favorable to OWH, as we must, OWH does appear to have facially alleged a case for the equitable tolling of the limitations period during the prolonged one and one-half years that NWI attempted to

cure the defects to the system.  See Aced v. Hobbs-Sesack Plumbing Co., 360 P.2d 897, 904 (Cal. 1961) (statute of limitations is tolled where one who has breached a warranty claims that defect can be repaired and attempts to make repairs); Southern California Enterprises, Inc. v. D.N. & E Walter & Co., 178 P.2d 785, 787 (Cal. Ct. App. 1947) (statute of limitations is tolled as long as seller claims that defect in the article can be remedied and he is attempting to correct the error).  Furthermore, the facts alleged in the complaint, when taken as true, also present a submissable case for equitable estoppel.

Accordingly, we reverse and remand the case to the district court for further proceedings consistent with this opinion.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.