_____

No. 95-3581
_____

Ross Reinhart,                          *
                                        *
        Appellant,                      *
                                        *   Appeal from the United States
        v.                              *   District Court for the
                                        *   District of South Dakota
City of Brookings, a South              *
Dakota Municipal Corporation,           *
                                        *
        Appellee.                       *

                        _____

            Submitted:   May 16, 1996

            Filed:   May 30, 1996
                        _____

Before MURPHY and ROSS, Circuit Judges, and VAN SICKLE,[*] District Judge.
                        _____

MURPHY, Circuit Judge.

        Ross Reinhart appeals from a judgment in the district court[1]
dismissing his civil rights claim under 42 U.S.C. § 1983.  Reinhart alleged
that the City of Brookings prevented him from campaigning for public office
during an arts festival in a public park in violation of the First and
Fourteenth Amendments.  We affirm.

_____

        [*]The HONORABLE BRUCE M. VAN SICKLE, United States
        District Judge for the District of North Dakota,
        sitting by designation.

        [1]The Honorable John B. Jones, United States District Judge
for the District of South Dakota, presiding.

The Arts in the Park Festival is held annually in a public park in Brookings, South Dakota. The weekend festival is free and attracts some 75,000 people. It is fully funded and organized by a private, non-profit group of volunteers called the Arts in the Park Festival Committee.

The committee and the City of Brookings agree that the committee undertakes responsibility for everything that happens in the park during the festival weekend. The committee maintains its own liability insurance during the festival. There are approximately 180 booths at the festival relating to art, entertainment, and food, and committee members select the booth operators from over 500 applicants. The committee pays several city employees to provide security and maintenance during the festival. The committee also establishes the rules which govern the festival's operation. One rule prohibits people who do not have a booth from distributing literature inside the park. The purpose of the rule is to limit litter problems, keep pedestrian traffic moving safely, and limit activities to those consistent with the festival's art theme. The festival committee does not grant political candidates booths or permit them to hand out literature for campaign purposes.

In July 1993, the Brookings City Commission passed a resolution which stated that violation of the festival committee's rules constituted a violation of a city ordinance barring peddlers from public grounds. This resolution applied to the use and access of Pioneer Park in connection with the 1993 festival, and none was adopted in connection with the 1994 festival.

Ross Reinhart was an independent candidate for Governor of South Dakota in 1994, and he appeared at the festival on Sunday morning, July 17. He approached people at the festival and handed out business cards which he was using for his campaign. A security guard approached him and said that campaigning was prohibited in

the park, but Reinhart continued his activities. Later a festival committee member acting as a security guard saw Reinhart distributing the cards and allegedly advised him that he had to distribute his cards outside park property, a few feet back from where he was standing. Reinhart claims that he was told only that campaigning was not permitted inside the park and that he would be arrested if he did not stop, but that he could continue his activity on the sidewalk adjacent to the park entrance. In any event, Reinhart moved to the park entrance without further discussion and distributed his campaign cards from there. He left the area around 6:00 p.m., after handing out some 1500 cards that day.

The district court granted summary judgment to the city on the grounds that there was no municipal liability based on the actions of the festival committee and that Reinhart's rights were not violated in any event since he had reasonable alternative access to the crowd. Reinhart now appeals, arguing that the city is liable under § 1983 for the festival committee's actions and policies, that the committee rule is not a reasonable restriction of free speech under the First Amendment, and that numerous issues of material fact preclude summary judgment. A grant of summary judgment is reviewed *de novo* with all facts and inferences drawn in the light most favorable to the party who lost below. Qualls v. Hickory Springs Mfg. Co., Inc., 994 F.2d 505, 507 (8th Cir. 1993).

The federal civil rights statute in question, 42 U.S.C. § 1983, prohibits any person under color of state law from depriving another "of any rights, privileges, or immunities secured by the Constitution and laws. . . ." A municipality constitutes a person for purposes of § 1983, but is liable only when "action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Dept. of Soc. Serv. of City of N.Y., 436 U.S. 658, 691 (1978); Coleman v. Watt, 40 F.3d 255, 261 (8th Cir. 1994). The challenged action must have either been taken

3

by the municipality or by a private person whose action may be fairly treated as that of the municipality itself.  See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 157 (1978).  Private action is not converted into state action unless the state, by its law, has compelled the act; mere acquiescence is not enough.  Id. at 165.

The festival committee is a private group which does not receive any funding from Brookings.  It is comprised of volunteer citizens and had sole responsibility for planning, advertising, cleaning, managing, and securing the 1994 festival.  Except for a Brookings police officer who patrolled the area, the committee reimbursed the city for any city employee who helped clean and secure the festival grounds.

It is undisputed that the festival committee had sole discretion to establish the rules concerning the operation of the festival.  It decided who could occupy booths in the festival and denied booths to groups or individuals that did not promote the festival's art theme, such as a 1994 application for a campaign booth by Attorney General Mark Barnett.  The committee also prohibited any distribution of literature by individuals other than through a booth.  Consistent with this policy, politicians or candidates were free to talk to people at the festival but could not pass out literature.  Although the city commission passed a resolution in 1993 making violation of the festival committee's rules a violation of a city ordinance, that resolution expressly applied only to the 1993 festival and, as Reinhart himself admits, was never made effective by adoption of an ordinance.

The fact that Brookings permitted the committee to adopt rules and enforce them does not convert the private action of the committee into state action.  See Flagg Bros., Inc., 436 U.S. at 167.  Nor does the fact that a private organization was temporarily using public property transform its actions into state action.  See United Auto Workers v. Gaston Festivals, Inc., 43 F.3d 902, 910

4

(4th Cir. 1995) (private, non-profit corporation that organized and promoted an annual festival held on public streets was not a state actor subject to § 1983).

Since the festival committee's policy and actions may not fairly be said to be those of the City of Brookings, the city may not be held liable under § 1983.  See Monell, 436 U.S. at 691.  The judgment in favor of the city is affirmed.

A true copy.

Attest:

RK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5