Roger and Margaret **BOLLACK** and University Homes, Inc., d/b/a Happy Homes Super Center, Plaintiffs,

v.

**CITY OF MITCHELL, SOUTH DAKOTA,** Defendant.

No. CV 95–4140.

United States District Court, D. South Dakota, Southern Division.

Aug. 13, 1996.

Frank J. Driscoll, DeMersseman Jensen Law Firm, Rapid City, SD, for Plaintiffs.

Carl J. Koch, Mitchell, SD, Edwin E. Evans, Davenport, Evans Law Firm, Sioux Falls, SD, for Defendant.

## MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

This matter comes before the Court on Plaintiffs' Motion to Strike Affirmative De-

fenses and Motion for Partial Summary Judgment. Doc. 29, Doc. 25. The Court has considered the briefs filed by the parties and the entire file in this matter. For the reasons stated below, the Court grants Plaintiffs' Motion to Strike Affirmative Defenses and denies Plaintiffs' Motion for Partial Summary Judgment.

Plaintiffs Roger and Margaret Bollack, residents of Mitchell, South Dakota, decided in 1995 to purchase a manufactured home for siting on their property in Mitchell's R–2 residential zoning district. Doc. 27 at 2–3. The Bollacks chose a home certified pursuant to the National Manufactured Housing Construction and Safety Standards Act. Doc. 27 at 3. The home was offered for sale by plaintiff University Homes. Doc. 27 at 4. Margaret Bollack communicated with Mitchell city building official Gary Ringling about siting the home on her property, and eventually received a letter from Mr. Ringling indicating that she could not do so. Doc. 27 at 5–6, Doc. 38 at 5.

Plaintiffs allege that Defendant City of Mitchell ("City") violated section 604 of the National Manufactured Housing Construction and Safety Standards Act of 1974, 42 U.S.C. § 5403(d),[1] and the South Dakota Manufactured Home Construction and Safety Standard Act, SDCL 34–34A, by applying local construction and safety codes to a federally-certified manufactured home in order to exclude it from a residential district in the City.[2] Doc. 20. Plaintiffs further allege they have a right to buy and sell manufactured homes that do not comply with local construction and safety codes, and that in applying such codes, the City acted under color of state law to deprive Plaintiffs of their rights, violating 42 U.S.C. § 1983.

### Private Cause of Action Under § 1983

Defendant asserts in its answer that Plaintiffs have failed to state a cause of action. Doc. 24, 1. Plaintiffs argue that their right to relief under 42 U.S.C. § 1983 arises in either or both of two sources: the Commerce Clause and the National Manufactured Housing Construction and Safety Standards Act ("Act"). Doc. 26, 18.

■ The Supreme Court has consistently held that the coverage of § 1983 must be "broadly construed." *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 105, 110 S.Ct. 444, 448, 107 L.Ed.2d 420 (1989) (citations omitted). The test for whether § 1983 is available to remedy a statutory or constitutional violation consists of two elements. *Id.* at 106, 110 S.Ct. at 448. First, the plaintiff must assert not merely a violation of federal law, but the violation of a federal right. *Id.* (citation omitted). In evaluating this element, the Supreme Court has considered (1) whether the provision in question imposes obligations on a governmental unit or merely expresses a "congressional preference for certain kinds of treatment;" (2) whether plaintiff asserts a clear interest which the judiciary can enforce; and (3) "whether the provision in question was intended to benefit" the plaintiff. *Id.* (citations omitted). Second, a court must determine whether Congress specifically precluded a § 1983 remedy by creating a separate enforcement mechanism. *Id.* at 106–07, 110 S.Ct. at 448–49.

■ The Supreme Court addressed the question of whether the Commerce Clause confers federal rights enforceable under § 1983 in *Dennis v. Higgins*, 498 U.S. 439, 111 S.Ct. 865, 112 L.Ed.2d 969 (1991).[3] The Commerce Clause limits the power of the

---

1. The Act, in § 5403(a), directed the Secretary of Housing and Urban Development (HUD) to establish federal standards for the construction and safety of manufactured homes. These standards are contained in 24 C.F.R. Part 3281, *et seq.*, and govern all aspects of manufactured home construction and safety, including but not limited to structural, mechanical, electrical and plumbing systems. The Act's standards pre-empt all other standards established by states or their political subdivisions. 42 U.S.C. § 5403(d), 24 C.F.R. § 3282.11.

2. Since the parties do not raise the issue, the Court does not now consider whether Plaintiffs state a cause of action on their state law claim.

3. The Commerce Clause provides that "Congress shall have Power [t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const., Art. I, § 8, cl. 3.

states to impose burdens upon interstate commerce, and individuals injured by state violations of this restriction have a right to declaratory and injunctive relief. *Id.* at 447, 111 S.Ct. at 870 (citations omitted). Furthermore, "[t]his combined restriction on state power and entitlement to relief under the Commerce Clause amounts to a 'right, privilege, or immunity' under the ordinary meaning of those terms." *Id.* The Court found that, under the *Golden State* analysis, the Commerce Clause does confer "rights" within the meaning of § 1983, and specifically held that "the Clause *was* intended to benefit those who ... are engaged in interstate commerce." *Dennis* at 449, 111 S.Ct. at 872 (emphasis in the original).

■ In general, therefore, plaintiffs can seek redress pursuant to § 1983 for violations of their rights under the Commerce Clause. More specifically, builders and dealers of manufactured homes, who alleged that county officials acting under color of state law had deprived them of their right under the Commerce Clause to engage in interstate commerce free of state regulatory interference, did state a valid cause of action under § 1983. *Colorado Mfrd. Hous. Ass'n v. Pueblo County,* 857 P.2d 507, 513 (Colo.App. 1993) *cert. denied* (Aug. 30, 1993) (citing *Dennis,* 498 U.S. 439, 111 S.Ct. 865). Plaintiffs University Homes and Roger and Margaret Bollack allege the violation of a federal right, and there is no indication that a § 1983 action is precluded by a comprehensive enforcement scheme; the two-part test from *Golden State* is satisfied.

Plaintiffs argue their Commerce Clause claim in their Brief in Support of the Motion for Summary Judgment, Doc. 26, although they do not assert it in their Amended Complaint. Doc. 20. Since Defendant has already responded to the Brief in Support, Doc. 39, the Court anticipates no prejudice to the Defendant in granting leave to amend. Any objection by Defendant to such an amendment must be brought before the Court immediately.

■ Plaintiffs also assert a § 1983 cause of action under the Act, alleging a deprivation of rights guaranteed by the Act generally (to purchase, occupy, sell and deliver HUD-certified manufactured homes) and by 42 U.S.C. § 5403(d) specifically (to be free from state regulation not identical to the HUD standards). Section 5403(d) provides:

> Whenever a Federal manufactured home construction and safety standard established under this chapter is in effect, no State or political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any manufactured home covered, any standard regarding construction or safety applicable to the same aspect of performance of such manufactured home which is not identical to the Federal manufactured home construction and safety standard.

A federal statute pre-empting state regulatory authority neither guarantees nor forecloses the creation of a federal right of action pursuant to § 1983. *Golden State* at 108, 110 S.Ct. at 449. Therefore, the availability of a § 1983 remedy pursuant to a pre-emption clause, as in all cases, depends upon whether the two-part test from *Golden State* is satisfied. *Id.* (citation omitted).

To satisfy the first element of the *Golden State* test, the violation of a federal right, Plaintiffs must be the intended beneficiaries of the pre-emption provision. *Golden State* at 106, 110 S.Ct. at 448. The plaintiffs in *Golden State* were held to be the intended beneficiaries of a provision in the National Labor Relations Act pre-empting state interference in the collective-bargaining process. *Id.* at 109, 110 S.Ct. at 450. The Court derived its reasoning from a line of cases beginning with *Machinists v. Wisconsin Employment Relations Comm'n,* 427 U.S. 132, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976), which held that pre-emption creates a federal right when it creates "a rule that denies either sovereign the authority to abridge a personal liberty." *Golden State* at 112, 110 S.Ct. at 451.

■ The *Machinists* rule, however, is "fundamentally different" from the pre-emption rule of *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), "that state jurisdiction over conduct arguably protected or prohibited by the NLRA is pre-empted in

the interest of maintaining uniformity in the administration of the federal regulatory jurisdiction." *Golden State* at 110, 110 S.Ct. at 450. The *Garmon* rule of pre-emption applies when federal and state regulations conflict, and is designed to ensure the proper regulatory scheme is enforced. *Building and Constr. Trades Council v. Associated Builders and Contractors,* 507 U.S. 218, 226, 113 S.Ct. 1190, 1195, 122 L.Ed.2d 565 (1993). The *Machinists* rule precludes state interference in areas that Congress intended to be unregulated. *Id.* at 227, 113 S.Ct. at 1196; *see also Livadas v. Bradshaw,* 512 U.S. 107, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994), *Employers Ass'n, Inc. v. United Steelworkers of America,* 32 F.3d 1297, 1300 (8th Cir.1994), *Associated Gen. Contractors v. Smith,* 74 F.3d 926, 931 (9th Cir.1996).

■ Section 5403(d) of the Act does not create an unregulated area for the free exercise of personal liberty; rather it ensures that only the comprehensive HUD regulations apply to manufactured housing. A pre-emption clause such as § 5403(d) that reserves power to the federal government does not create a federal right enforceable pursuant to § 1983. The *Garmon,* rather than the *Machinists,* pre-emption rule applies here, and Plaintiffs have no § 1983 cause of action for violation of 42 U.S.C. § 5403(d). Rather, Plaintiffs properly bring their § 1983 cause of action pursuant to the Commerce Clause.

### Motion to Strike Affirmative Defenses

■ Plaintiffs move pursuant to Fed. R.Civ.P. Rule 12(f) to strike two of Defendant's Affirmative Defenses, Failure to Exhaust Administrative Remedies and Mootness. Doc. 29. "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977). Defendant alleges that Plaintiffs should have appealed Mr. Ringling's letter to the City Board of Adjustment before bringing this action. Doc. 24, 3. In response, Plaintiffs cite *Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), for its holding that exhaustion of administrative remedies is not required to maintain a § 1983 action. Doc. 30, 6. Defendant does not dispute the holding in *Patsy,* arguing instead that this case is not a § 1983 action, but rather a zoning dispute. Doc. 37, 3. However, as explained above, Plaintiffs do state a cause of action under § 1983. *Patsy* applies, and the defense of failure to exhaust administrative remedies is insufficient as a matter of law.

■ Plaintiffs move to strike Defendant's affirmative defense of mootness. Doc. 29. Defendant argues that because the Bollacks have purchased and sited a modular home on their property, their claim is now moot. Doc. 24, 3. The Bollacks have no compensable damages, Defendant asserts, because the additional expense of purchasing a modular home will be set off by its higher resale value. Doc. 37, 6. The Court declines to decide the Bollacks' damages at this time, but rather will leave the issue for the damages phase of the trial. Plaintiff correctly argues that the Bollacks' claim for declaratory relief is not moot. Doc. 30 at 9. Plaintiff also correctly argues that University Homes, as a dealer of manufactured homes, could lose future sales if Defendant continues its allegedly unconstitutional actions, so its claims for declaratory and injunctive relief are not moot. Doc. 30 at 9–10. The Court notes that the Bollacks' claim for injunctive relief, however, is moot since they have already purchased and sited a modular home on their property. Doc. 20 at 5. Therefore, the defense of mootness is insufficient as a matter of law in regards to all claims except for the Bollacks' claim for injunctive relief.

### Motion for Partial Summary Judgment

■ Finally, Plaintiffs move pursuant to Fed.R.Civ.P. Rule 56 for partial summary judgment on the issue of liability. Doc. 25. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). The court must view the evidence submitted

"in the light most favorable to the nonmoving party and [must] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." *Reich v. ConAgra, Inc.,* 987 F.2d 1357, 1359 (8th Cir.1993). Moreover, "[i]n order to withstand a motion for summary judgment, the nonmovant must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). Sufficient evidence is that which would "[support] a material factual dispute to require resolution by a trier of fact." *Id.* at 1360 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986)).

For a municipality to be held liable under § 1983, the challenged act must be "a municipal policy or custom" that directly causes the alleged constitutional deprivation. *Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 1202, 103 L.Ed.2d 412 (1989); *Reinhart v. City of Brookings,* 84 F.3d 1071, 1073 (8th Cir.1996) (citations omitted). When the federal right in question arises under the Commerce Clause, the plaintiff must have been injured by state regulation that exceeds the limitations imposed by the Commerce Clause. *See Dennis* at 450, 111 S.Ct. at 872.

Margaret Bollack testified in her deposition that Mr. Ringling told her that the manufactured home she and her husband were considering buying from University Homes could only be sited on their property if it met the Uniform Building Code (UBC), and that he never discussed Mitchell's zoning ordinances with her. Bollack Dep. at 29, 32. Mr. Ringling's letter to the Bollacks states in reference to the manufactured home, "this house will not meet the City of Mitchell's Codes. Therefore this house cannot be placed on your lot." Doc. 39, Att. 1. Defendant does not deny that Mr. Ringling sent the letter to inform the Bollacks that the manufactured home could not be placed on their property. Doc. 38 at 5. However, Mr. Ringling testified in his deposition that he explained to Mrs. Bollack that the home could be sited on her lot if it met the UBC because it would not then be classified as a manufactured home. Ringling Dep. at 14–16. He further testified that "the purpose of [the] letter was to say it was a mobile home or manufactured home, and thus could not be put on a lot." R.Dep. at 18. Tim McGannon, Public Works Director for the City of Mitchell, also testified that Mitchell does not apply the UBC or any other local building code to mobile or manufactured homes. McGannon Dep. at 17.

The depositional testimony indicates a direct conflict regarding whether Mr. Ringling applied local safety and construction codes to a manufactured home. Drawing all reasonable inferences in favor of the Defendant, a genuine issue of material fact remains as to whether Mr. Ringling's letter applied local safety codes to a manufactured home or rather was executed for classification purposes. Whether Mr. Ringling's actions were a function of a municipal policy or custom also remains to be established. Plaintiffs are not entitled to judgment as a matter of law.

Defendants request a jury trial. Doc. 23. Plaintiffs do not resist this request. Accordingly,

IT IS ORDERED:

1. That Plaintiffs have leave to amend their complaint to allege their § 1983 claim pursuant to the Commerce Clause, for the reasons stated above.

2. That Plaintiffs' Motion to Strike Affirmative Defenses (Doc. 29) is granted with regard to both affirmative defenses in question, with the exception of the Bollacks' claim for injunctive relief, which is moot. Defendant may introduce evidence relating to damages mitigation at trial.

3. That Plaintiffs' Motion for Partial Summary Judgment (Doc. 25) is denied for the reasons above stated.

4. That Plaintiffs' Request for Oral Argument (Doc. 26, 25) regarding the Motion for Summary Judgment is denied.

5. That Defendant's Demand for a Jury Trial (Doc. 23) is granted.

6. That pursuant to the Rule 16 Scheduling Order (Doc. 14), a jury trial will

begin in Sioux Falls on Tuesday, August 20 at 9:00 a.m.

