**TERRA INDUSTRIES, INC., Plaintiff,**

**v.**

**COMMONWEALTH INSURANCE COMPANY OF AMERICA, et al., Defendants.**

**No. C 97–4030–MWB.**

United States District Court,
N.D. Iowa,
Western Division.

Dec. 23, 1997.

Gregg E. Williams of Heidman, Redmond, Fredregill, Patterson, Plaza & Dykstra, L.L.P., Sioux City, IA, Hugh R. McCombs, Alan J. Martin, Steven R. Gilford of Mayer, Brown & Platt, Chicago, IL, for Terra Industries, Inc.

John N. Love, Alan R. Miller, William E. Reed, III of Robins, Kaplan, Miller & Ciresi, L.L.P., Boston, MA, Michael W. Ellwanger of Rawlings, Neiland, Probasco, Killinger, Jacobs & Mohrhauser, Sioux City, IA, for IRI Defendants.

Douglas G. Houser, Stuart D. Jones of Bullivant, Houser, Bailey, Pendergrass & Hoffman, P.C., Portland, OR, Michael W. Ellwanger of Rawlings, Nieland, Probasco, Killinger, Ellwanger, Jacobs & Mohrhauser, Sioux City, IA, for Defendant Ins. Co. of America.

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' JOINT MOTION TO DISMISS COUNT IV**

BENNETT, District Judge.

## TABLE OF CONTENTS

I. *INTRODUCTION* ................................................................. 680

II. *LEGAL ANALYSIS* .............................................................. 682
    A. **Standards For Defendants' Motion To Dismiss** ......................... 682
    B. **Private Cause Of Action Under Iowa Code Ch. 507B** .................... 683
        1. *Iowa precedent* ................................................. 684
        2. *Applicability of the precedent to Terra's Claim* ............... 685
        3. *Does Count IV attempt to state a cause of action?* ............ 686
    C. **Relevance To Punitive Damages** ...................................... 687

III. *CONCLUSION* ................................................................ 688

Undaunted by the Iowa Supreme Court's pronouncement, on two separate occasions nine years apart, that the Iowa Unfair Claims Settlement Practices Act, Iowa Code Ch. 507B, does not create a private cause of action, the plaintiff insured, who suffered a devastating loss from an explosion at its fertilizer plant, has asserted as one count in this lawsuit against its insurers alleged violations of that Iowa statute. Not surprisingly, the defendant insurers have moved to dismiss for failure to state a claim upon which relief can be granted. The plaintiff has responded with two arguments—that the Iowa Supreme Court has never ruled that a plaintiff like the one here cannot assert such a claim and that, if the Iowa Supreme Court's decisions can be interpreted to have so ruled, the plaintiff wasn't necessarily attempting to plead a separate cause of action, only allegations supporting a prayer for punitive damages on another claim. Although the court is concerned that sophistication may have crossed the line into sophistry, the court will consider the viability of the insured's allegations of unfair claims settlement practices on both grounds.

### I. INTRODUCTION

As the court explained in a prior ruling in this case, *see Terra Indus., Inc. v. Commonwealth Ins. Co. of Am.,* 981 F.Supp. 581 (N.D.Iowa 1997), this is one of several lawsuits to arise from the catastrophic explosion on December 13, 1994, of a fertilizer plant in northwest Iowa owned by plaintiff Terra Industries, Inc., in which four persons were killed, eighteen were injured, and the fertilizer plant and its owner sustained enormous damage, now alleged to exceed $360 million. In this litigation, filed on April 11, 1997, Terra has brought an action against dozens of its insurers seeking declaratory judgment concerning the extent of the insurers' liability for Terra's loss. Terra has coupled to its declaratory judgment claim a breach-of-con-

tract claim (Count II), a bad-faith claim (Count III), and a claim for unfair claims settlement practices (Count IV). In the last three years, Terra and its insurers have engaged in the enormous tasks of assessing the damage and the extent of Terra's insurance coverage, and repairing and rebuilding the facility. The insurers have paid just over $200 million of Terra's claims, but approximately another $160 million in claims remained unresolved when Terra filed this lawsuit. Since Terra's suit was filed, Terra has settled its claims with several of the defendant insurers.

On November 10, 1997, the remaining defendants, a group of insurers described here as the "IRI Defendants"[1] and defendant Insurance Company of North America (INA), moved to dismiss Count IV of Terra's complaint pursuant to FED.R.CIV.P. 12(b)(6).[2] These defendants contend that Terra has failed to state a claim for unfair claims settlement practices upon which relief can be granted, because the Iowa statute upon which Terra's claim is predicated, the Iowa Unfair Claims Settlement Practices Act, Iowa Code Ch. 507B, and more specifically, Iowa Code § 507B.4(9), does not create any private cause of action.

The IRI Defendants and INA rely principally on two decisions of the Iowa Supreme Court, *Seeman v. Liberty Mut. Ins. Co.*, 322 N.W.2d 35 (Iowa 1982) (*en banc*), and *Bates v. Allied Mut. Ins. Co.*, 467 N.W.2d 255 (Iowa 1991), for the proposition that the statute in question creates no private cause of action. Terra has countered that both *Seeman* and *Bates* are distinguishable, but in the event that they are not, Terra argues its allegations in Count IV of the complaint should not be stricken, because they support an award of punitive damages if Terra prevails on its bad-faith claim in Count III. In support of its arguments, Terra cites an unpublished decision of an Iowa district court in *McConnell v. IASD Health Servs.*, No. CL3613(N)0895, 1995 WL 807187 (Iowa Dist. Ct. Nov. 17, 1995). None of the parties

requested oral arguments on the motion to dismiss.

Because this matter is before the court on a pre-answer motion to dismiss, there is little further factual background that needs to be discussed. However, Count IV of Terra's complaint, which is at the center of the present dispute, should be stated in its entirety:

## COUNT IV

## UNFAIR CLAIMS SETTLEMENT PRACTICES

74. Terra repeats and incorporates by reference the allegations in paragraphs 1 through 73.

75. The defendant insurance companies have engaged in the following unfair claims settlement practices:

a. They have not attempted in good faith to effectuate a prompt, fair and equitable settlement of the claims in which liability has become reasonably clear.

b. They have failed to promptly provide a reasonable explanation of the basis in the Insurance Policies in relation to the facts or law for their failure to pay.

76. Terra is within the class of persons intended to be protected by the Unfair Claims Settlement Practices Act and it may maintain this private action for damages resulting from the violations set forth above. In the alternative, the violations set forth above may be considered as a factor in determining the propriety of punitive damages, and such other relief as this Court may deem just and proper, for the defendant insurance companies' breach of their contractual and good faith duties, all as described above.

77. As a direct result of the defendants' unfair claims settlement practices, Terra has been forced to incur and will continue to incur consequential damages, including, but not limited to, attorneys' fees and oth-

---

1. The "IRI defendants" are a group of companies with the umbrella name of Industrial Risk Insurers; hence the acronym used in this litigation.

2. Also on November 10, 1997, the IRI defendants answered the complaint. INA's answer was filed on November 12, 1997.

er expenses in order to prosecute this action, and the lost earnings on amounts wrongfully withheld by the defendant insurance companies.

Complaint, Count IV, pp. 18–19. In addition, the pertinent portions of Terra's "Prayer for Relief" are as follows:

> **WHEREFORE,** Terra demands a trial by jury on all issues triable and judgment as follows:
>
> \*\*\*
>
> d. On Count IV, a judgment in excess of $100 million against the defendant Insurance companies for actual money damages according to proof at trial, plus interest and attorneys' fees and costs.

Complaint, Prayer, p. 20. Besides this relief, Terra seeks sums due under the terms of the policies it has with the defendant insurers as relief on Count I, and actual damages, attorneys' fees, and costs as relief on Counts II (breach of contract) and III (bad faith). *Id.* at ¶ a.–c. Finally, Terra seeks punitive damages, but only on Count III. *Id.* at ¶ c.

## II. LEGAL ANALYSIS

### A. Standards For Defendants' Motion To Dismiss

A motion to dismiss may be made, *inter alia,* for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) requires the court to review only the pleadings to determine whether the pleadings state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b).[3] Such motions "can serve a useful purpose in disposing of legal issues with the minimum of time and expense to the interested parties." *Hiland Dairy, Inc. v. Kroger Co.,* 402 F.2d 968, 973 (8th Cir.1968), *cert. denied,* 395 U.S. 961, 89 S.Ct. 2096, 23 L.Ed.2d 748 (1969). The issue is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of its claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974); *United States v. Aceto Agric. Chem. Corp.,* 872 F.2d 1373, 1376 (8th Cir.1989).

In considering a motion to dismiss under Rule 12(b)(6), the court must assume that all facts alleged in the plaintiff's complaint are true, and must liberally construe those allegations. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Doe v. Norwest Bank Minn., N.A.,* 107 F.3d 1297, 1303–04 (8th Cir.1997) ("In considering a motion to dismiss, we assume all facts in the complaint are true, construe the complaint in the light most favorable to the plaintiff, and affirm dismissal only if 'it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief,'" quoting *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir.1994)); *WMX Techs., Inc. v. Gasconade County, Mo.,* 105 F.3d 1195, 1198 (8th Cir.1997) ("In considering a motion to dismiss, the court must construe the complaint liberally and assume all factual allegations to be true."); *First Commercial*

---

**3.** However, where on a Rule 12(b)(6) motion to dismiss "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b)(6); *see also Buck v. FDIC,* 75 F.3d 1285, 1288 & n. 3 (8th Cir. 1996) (because the district court relied on matters outside the complaint in ruling on a Rule 12(b)(6) motion, "the district court had to treat the [defendant's] motion to dismiss as a motion for summary judgment and apply the relevant standards for summary judgment," and further noting that "[t]he standards for dismissing a complaint under Rule 12(b)(6) are substantially different" from those applicable to a Rule 56 summary judgment motion; therefore it was inappropriate for the district court to fail to specify whether it was disposing of an issue accord-

ing to summary judgment or Rule 12(b)(6) standards). Even where matters outside of the pleadings are presented to the court, however, a motion to dismiss is not converted into a motion for summary judgment "where the district court's order makes clear that the judge ruled only on the motion to dismiss." *Skyberg v. United Food and Commercial Workers Int'l Union, AFL—CIO,* 5 F.3d 297, 302 n. 2 (8th Cir. 1993). Where the district court has made the posture of its disposition clear, the appellate court will "treat the case as being in that posture." *Id.* The parties here have not submitted any matters outside of the pleadings for the court's consideration. Therefore, the motion to dismiss will not be disposed of as provided in Rule 56, but only according to the standards stated herein.

*Trust v. Colt's Mfg. Co.*, 77 F.3d 1081, 1083 (8th Cir.1996) (same).

The court is mindful that in treating the factual allegations of a complaint as true pursuant to Rule 12(b)(6), the court must "reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.*, 105 F.3d 394, 397 (8th Cir.1997) (citing *In re Syntex Corp. Securities Lit.*, 95 F.3d 922, 926 (9th Cir.1996)); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990) (the court "do[es] not, however, blindly accept the legal conclusions drawn by the pleader from the facts," citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987), and 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 595–97 (1969)); *see also LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1103 (6th Cir.1995) (the court "need not accept as true legal conclusions or unwarranted factual inferences," quoting *Morgan*, 829 F.2d at 12). Conclusory allegations need not and will not be taken as true; rather, the court will consider whether the *facts* alleged in the complaint, accepted as true, are sufficient to state a claim upon which relief can be granted. *Silver*, 105 F.3d at 397; *Westcott*, 901 F.2d at 1488.

■ The United States Supreme Court and the Eighth Circuit Court of Appeals have both observed that "a court should grant the motion and dismiss the action 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir.1997) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984)); *accord Conley*, 355 U.S. at 45–46, 78 S.Ct. at 101–02. ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief."); *Doe*, 107 F.3d at 1304 (dismissal is appropriate only if " 'it appears beyond doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief,'" quoting *Coleman*, 40 F.3d at 258); *WMX Techs., Inc.*, 105 F.3d at 1198 ("Dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle relief," citing *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 101–02.) The Rule does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989). Thus, "[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir.1995) (internal quotation marks and ellipses omitted). Here, the IRI Defendants and INA contend that there is such an "insuperable bar" to relief on Terra's claim in Count IV, which alleges unfair claims settlement practices in violation of Iowa Code Ch. 507B.

### B. Private Cause Of Action Under Iowa Code Ch. 507B

Terra's cause of action in Count IV is founded on alleged violations of Iowa Code Ch. 507B, Iowa's Unfair Claims Settlement Practices Act. Section 507B.4 "define[s] ... unfair methods of competition and unfair or deceptive acts or practices in the business of insurance." Iowa Code § 507B.4. Subsection 507B.4(9) in turn identifies unfair claims settlement practices, including the following:

f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear....

＊＊＊

n. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

*See* Iowa Code § 507B.4(9)(f) & (n). The allegations of wrongful conduct in Count IV of Terra's complaint thus emulate these provisions of the statute. *Compare* Iowa Code § 507B.4(9)(f) & (n) *with* Complaint, Count IV, ¶ 75(a) & (b) Terra contends that it "is within the class of persons intended to be protected by the Unfair Claims Settlement Practices Act and it may maintain this pri-

vate action for damages resulting from the violations set forth above." Complaint, Count IV, ¶ 76. However, the IRI Defendants and INA contend that these provisions of the Unfair Claims Settlement Practices Act create no private cause of action for damages; thus, there is no action that Terra may maintain.

### 1. Iowa precedent

As the parties have noted, the Iowa Supreme Court has already addressed the question of whether Iowa Code Ch. 507B creates a private cause of action. In *Seeman v. Liberty Mut. Ins. Co.*, 322 N.W.2d 35 (Iowa 1982) (*en banc*), the Iowa Supreme Court considered the following question certified to it by the United States District Court for the Southern District of Iowa:

> Does section 507B.4(9)(f), The Code, create a cause of action for damages in the individual entitled to the insurance proceeds when the insurance carrier has violated that section?

*Seeman*, 322 N.W.2d at 36. The Iowa Supreme Court "answer[ed] the question in the negative." *Id.*

In reaching that conclusion, the Iowa Supreme Court noted that "[c]hapter 507B does not specify whether an individual cause of action is authorized for violation of section 507.4(9)(f)"; thus, the court first determined "the appropriate test for determining when a cause of action may and should be judicially implied from a statute that does not expressly provide for private suits." *Id.* at 37. The court rejected the contention that violation of a statutory duty necessarily gives rise to a private tort action. *Id.* at 37–38. Instead, the court held that the appropriate test was that articulated by the United States Supreme Court in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). *See Seeman*, 322 N.W.2d at 38.

The Iowa Supreme Court found that, in *Cort*, the Supreme Court had directed courts to make four inquiries to determine whether a statute creates a private cause of action: (1) is the plaintiff one of the class for whose special benefit the statute was enacted?; (2) is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?; (3) is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?; and (4) is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law? *See Seeman*, 322 N.W.2d at 38 (quoting *Cort*, 422 U.S. at 78, 95 S.Ct. at 2087–88). However, because the fourth inquiry concerned federal jurisdiction, the Iowa Supreme Court modified that factor to consider whether the implication of a private cause of action would intrude into an area over which the federal government has exclusive jurisdiction or which has been delegated exclusively to a state administrative agency. *Id.* at 40.

■ In the case before it, the Iowa Supreme Court concluded that a plaintiff—a person bringing an action for money damages against his employer's workers' compensation insurer alleging unreasonable delay in payment of an agreed settlement of the plaintiff's workers' compensation claim—was a member of the class of persons for whose special benefit section 507B.4(9)(f) was enacted. *Id.* at 41. However, the court found that the remaining factors weighed against the conclusion that the statute created a private cause of action. The court found that the legislature implicitly intended the insurance commissioner's powers to be the exclusive means of enforcing § 507B.4(9)(f), thus implicitly intending to deny a private cause of action. *Id.* at 42. It also found that to imply a cause of action based on the statute would be to override, and thus would be inconsistent with, the legislative intent that the insurance commissioner's powers be the exclusive means of enforcing the statute. *Id.* at 42–43. Finally, the Iowa Supreme Court concluded that, because the legislature intended § 507B.4(9)(f) to be enforced exclusively by the insurance commissioner, to imply a private cause of action would be to intrude upon the authority delegated to the commissioner. *Id.* at 43. The court therefore held that § 507B.4(9)(f) *does not* provide a private cause of action against an insurer by the person entitled to insurance proceeds

when the insurance carrier has violated that statute. *Id.*

The Iowa Supreme Court has never retreated from this conclusion. In *Bates v. Allied Mut. Ins. Co.*, 467 N.W.2d 255 (Iowa 1991), the plaintiff in an underlying automobile accident lawsuit sued the alleged tortfeasor's insurer after his claim was settled for unfair claims settlement practices, asserting that his private cause of action was authorized by Iowa Code § 507B.4(9). *Bates,* 467 N.W.2d at 256–57 & 259. The Iowa Supreme Court noted that, "[i]n *Seeman,* we specifically concluded that the legislative intent indicated that no private cause of action was intended by chapter 507B." *Id.* at 259 (citing *Seeman,* 322 N.W.2d at 41–43). The plaintiff nonetheless contended that, through other decisions of the Iowa Supreme Court in the area, and the enactment of Iowa Code § 668.9, which adopted comparative fault, the law had changed since *Seeman* was handed down. *Id.* The Iowa Supreme Court disagreed:

> A careful review of the host of cases cited by plaintiff, as well as chapter 668, reveal no indication that chapter 507B creates a private cause of action as suggested by plaintiff. The fact that Iowa has adopted comparative fault [in Iowa Code Ch. 668] and has prohibited insurance companies from improperly applying it does not create a private cause of action. In fact, our analysis in *Seeman* is very explicit in indicating that the intention of chapter 507B is not to create a private cause of action. Therefore, in refusing to adopt such a common law tort, we have specifically rejected the analysis advanced by plaintiff. To hold that chapter 507B creates a private cause of action would be in direct contradiction to existing Iowa law and would create a cause of action not intended by the legislature.

*Bates,* 467 N.W.2d at 259–60. Clearly, *Seeman* and *Bates* stand for the proposition that no private cause of action is created by Iowa Code § 507B.4(9).

### 2. *Applicability of the precedent to Terra's claim*

■ Terra does not suggest, as did the plaintiff in *Bates,* that the law has somehow

changed in the last several years, such that it is now apparent that a private tort cause of action is authorized by the statute. *Cf. Bates,* 467 N.W.2d at 259. Instead, Terra contends that both of the plaintiffs in *Seeman* and *Bates* were third parties suing another's insurer, but Terra is instead suing its own insurer for violations of the statute in the handling of Terra's *own* claim. Terra asserts that the Iowa Supreme Court has never held that such a suit is not authorized by Iowa Code Ch. 507B. The IRI Defendants and INA respond to this argument by asserting that, although the plaintiff in *Seeman* —a workers' compensation claimant against his employer's workers' compensation insurance carrier—technically was not the insured, he certainly was analogous to a first-party claimant. The court need not address the merits of the insurers' argument, however, because the court finds that Terra has simply latched onto a distinction without a difference.

Once a claimant establishes that he, she, or it belongs to "the class for whose special benefit the statute was enacted"—the first inquiry in the *Cort* analysis employed in both *Seeman* and *Bates* —the distinction upon which Terra has seized ceases to have any moment. The remainder of the analysis, as detailed in both *Seeman* and *Bates,* never considers again the identity or situation of the plaintiff or the reasons the plaintiff is entitled to the benefit of the statute. *See Bates,* 467 N.W.2d at 259–60; *Seeman,* 322 N.W.2d at 41–43. The sole consideration of the Iowa Supreme Court in both *Seeman* and *Bates,* reflected in each of the remaining inquiries under *Cort,* was whether, as a general matter, Iowa Code Ch. 507B was intended to be enforced by the insurance commissioner or by private plaintiffs. *See Bates,* 467 N.W.2d at 259; *Seeman,* 322 N.W.2d at 41–43. This court can only read these decisions for the broad proposition that Iowa Code § 507B.4(9) simply does not create a private cause of action for *anyone.*

Furthermore, in the interim between *Seeman* and *Bates,* the Iowa Supreme Court specifically recognized a tort cause of action for first-party bad faith—a private cause of

action by the insured against his or her own insurer—finding it was a necessary adjunct to, but never suggesting that it was authorized by, Iowa Code Ch. 507B:

> As implied by our discussion regarding punitive damages in *Pirkl [v. Northwestern Mut. Ins. Ass'n],* 348 N.W.2d [633,] 636 [ (Iowa 1984)], we are convinced traditional damages for breach of contract will not always adequately compensate an insured for an insurer's bad faith conduct. Our focus, of course, is on the recompense available to· the affected insured, not the extent to .which the insurer may be subject to additional statutory penalties for its misconduct. The pertinent provisions of Iowa Code chapter 507B will, in all likelihood, deter nearly all bad faith conduct on the part of insurers, but when on those occasions they do not, the penalties would provide slight consolation ·to an aggrieved insured. Further, we· do not believe the availability to the insured of extra-contractual damages should be dependent upon the insured sustaining severe emotional distress occasioned by the . insurer's conduct. It follows that an action for intentional infliction of emotional distress, pursuant to *Amsden v. Grinnell Mutual Reinsurance Co.;* 203 N.W.2d 252, 254 (Iowa 1972), does not provide an adequate remedy due to its limited applicability. We conclude it is appropriate to recognize the first-party bad faith tort to provide the insured an adequate remedy for an insurer's wrongful conduct.

*Dolan,* 431 N.W.2d at 794. Thus, a private cause of action exists to address the wrongful conduct Terra has alleged in Count IV.

Indeed, in *Bates,* the Iowa Supreme Court read *Seeman* to hold that the purpose of Iowa Code Ch. 507B was "regulatory" and that the statute "in no way relieves or absolves a person from liability under other laws of the state," which "once again indicat[es] that the chapter is ... not grounds for a private cause of action." *Bates,* 467 N.W.2d at 259. The remedies Terra seeks for alleged violations of Iowa Code § 507B.4(9) are thus available from a separate tort cause of action—a first-party bad-faith claim like the one pleaded in Count III

of Terra's complaint—that was already recognized by the Iowa Supreme Court in *Dolan.* Furthermore, that tort action is one that Iowa Code Ch. 507B was not intended to replace or preclude. *Bates,* 467 N.W.2d at 259.

In light of *Bates* and *Seeman,* the court concludes that there is an "insuperable bar to relief" on Count IV of Terra's complaint. *Frey,* 44 F.3d at 671. The cause of action there asserted is. not authorized by Iowa Code Ch. 507B upon which Terra has relied. *Bates,* 467 N.W.2d at 259–60; *Seeman,* 322 N.W.2d at 41–43. Thus, Count IV fails to state a claim upon which relief can be granted, FED.R.CIV.P. 12(b)(6), because "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Handeen,* 112 F.3d at 1347. *Accord Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–02 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief."); *Doe,* 107 F.3d at 1304 (dismissal is appropriate only if " 'it appears beyond doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief,' " quoting *Coleman,* 40 F.3d at 258); *WMX Techs., Inc.,* 105 F.3d at 1198 ("Dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle relief," citing *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–02).

Terra nonetheless contends that Count IV should not be dismissed in its entirety, because it is not necessary that each count of a complaint state a separate cause of action, and Count IV wasn't necessarily intended to do so, because the allegations in the count are also pertinent to other claims for relief, such as punitive damages on Count III, the bad-faith claim.

### 3. Does Count IV attempt to state a cause of action?

■ Terra's argument that each count of a complaint need not, and Count IV was not necessarily intended to, state a separate cause of action is disingenuous at best. Certainly, Terra's primary intent was to plead a

separate cause of action founded on alleged violations of Iowa Code § 507B.4(9). After alleging violations of the statute in paragraph 75 of Count IV, in paragraph 76, Terra asserts not only that it "is within the class of persons intended to be protected by the Unfair Claims Settlement Practices Act," but that "it may maintain this private action for damages resulting from the violations set forth above." Complaint, Count IV, ¶¶ 75–76. The fact that Terra was plainly attempting to assert a separate cause of action founded on violations of the statute is confirmed by its prayer for relief, which seeks damages specifically for violation of the statute, because Terra seeks judgment as follows:

> d. On Count IV, a judgment in excess of $100 million against the defendant insurance companies for actual money damages according to proof at trial, plus interest and attorneys' fees and costs.

Complaint, Prayer, p. 20.

Terra's own pleadings demonstrate that Terra was attempting, at least in the first instance, to assert a cause of action for violations of Iowa Code § 507B.4(9). Thus, unlike the plaintiffs in *McConnell v. IASD Health Servs.*, No. CL3613(N)0895, 1995 WL 807187 (Iowa Dist.Ct. Nov. 17, 1995), a case upon which Terra relies, it *does* appear that Terra is attempting to state a separate cause of action based upon violations of Iowa Code Ch. 507B. *Compare McConnell*, 1995 WL 807187 at *3 ("However, it does not appear Plaintiffs are stating a separate cause of action based upon [Iowa Code §§ 507B.3 and 507B.4]," because the "Plaintiffs cite violations of these sections in order to support [their] request for punitive damages against Defendant").[4] Such a cause of action cannot be maintained under governing law. *See Bates*, 467 N.W.2d at 259–60; *Seeman*, 322 N.W.2d at 41–43. Thus, to the extent Count

IV attempts to state a separate cause of action, even assuming all of the factual allegations to be true, *see Conley*, 355 U.S. at 45–46, 78 S.Ct. at 101–02; *Doe*, 107 F.3d at 1303–04; *Coleman*, 40 F.3d at 258; *WMX Techs., Inc.*, 105 F.3d at 1198; *First Commercial Trust*, 77 F.3d at 1083, Count IV states a claim upon which relief cannot be granted, FED.R.CIV.P. 12(b)(6), Terra's conclusory legal allegation that it may maintain such an action notwithstanding. *See Silver*, 105 F.3d at 397 (on a Rule 12(b)(6) motion, the court must "reject conclusory allegations of law and unwarranted inferences"); *Westcott*, 901 F.2d at 1488 (the court "do[es] not, however, blindly accept the legal conclusions drawn by the pleader from the facts").

Terra's more significant argument is that the allegations found in Count IV are pertinent to other claims for relief, such as punitive damages on Count III, the bad-faith claim, and therefore should not be stricken. That contention is discussed in the next subsection.

### C. Relevance To Punitive Damages

■ Terra apparently recognized the possibility that Count IV did not state a viable, separate cause of action, because Terra has pleaded that, "[i]n the alternative, the violations set forth above may be considered as a factor in determining the propriety of punitive damages, and such other relief as this Court may deem just and proper, for the defendant insurance companies' breach of their contractual and good faith duties, all as described above." Complaint, Count IV, ¶ 76. Before considering whether the allegations of Count IV are otherwise pertinent to the issue of punitive damages on other claims, the court notes that Terra has sought punitive damages as relief only on its bad-faith claim in Count III, not on its breach-of-contract claim in Count II. *See* Complaint, Prayer, ¶¶ (b) & (c).

---

4. The specific allegations made by the plaintiffs in *McConnell* were that " '[t]he conduct of Blue Cross and Blue Shield under the conditions then and there existing in breaching it[s] contractual duty and its duty of good faith and fair dealing was illegal and in violation of Iowa Code Section 507B.3 and 507B.4 and as such was malicious, wilful, and wanton entitling Plaintiffs and other members of the class to punitive and exemplary damages.' " *McConnell*, 1995 WL 807187 at *3 (quoting the petition, ¶ 35). Terra has pleaded something similar, but *"[i]n the alternative"* to is claim that "it may maintain this private action for damages resulting from the violations set forth above." Complaint, Count IV, ¶ 76 (emphasis added).

Terra is correct that proof of illegal acts may support an award of punitive damages. *See, e.g., Clark–Peterson Co., Inc. v. Independent Ins. Assocs., Ltd.,* 514 N.W.2d 912, 916 (Iowa 1994) (on claims of breach of contract or fraudulent misrepresentation, punitive damages are not allowed in the absence of malice, fraud, or other illegal acts, or a showing that wrongful conduct was committed or continued with willful or reckless disregard for another's rights); *West v. Jayne,* 484 N.W.2d 186, 192 (Iowa 1992) (punitive damages are not ordinarily recoverable for breach of contract, but may be awarded if a defendant is guilty of malice, fraud, or other illegal acts); *Woods v. Schmitt,* 439 N.W.2d 855, 870 (Iowa 1989) (in a breach of covenant action, an award of punitive damages was appropriate only where the defendant was guilty of malice, fraud, gross negligence, or an illegal act); *Higgins v. Blue Cross of Western Iowa,* 319 N.W.2d 232, 235 (Iowa 1982) ("Punitive damages may not be recovered for a mere breach of contract; it is only when the breach also constitutes an independent tort, or other illegal or wrongful act, that punitive damages become a possibility."); *Pogge v. Fullerton Lumber Co.,* 277 N.W.2d 916, 918–19 (Iowa 1979) (exemplary damages are not a remedy for breach of contract, except where the breach also constitutes an intentional tort, or other illegal or wrongful act, if committed maliciously). This general rule also applies to bad-faith claims, such as the bad-faith claim Terra has asserted in Count III of its complaint, the only claim upon which Terra has prayed for punitive damages. *See Pirkl v. Northwestern Mut. Ins. Ass'n,* 348 N.W.2d 633, 636 (Iowa 1984) (denial of a valid claim by a casualty insurer will not support a claim for punitive damages in addition to the recovery of the loss that should have been covered by the policy, unless denial is coupled with more than upsetting the justified expectations of the insured; sufficient support may come from proof of positive misconduct of a malicious, illegal, or immoral nature); *Higgins,* 319 N.W.2d at 235 (recognizing breach of duty to act in good faith in defending the insured against claims of an injured third-party as one tort in connection with a breach

of contract that may justify punitive damages).

■ Thus, the *factual* allegations asserted in Count IV, taken as true, are pertinent to Terra's prayer for punitive damages on its bad-faith claim in Count III. Those factual allegations, found in paragraph 75 of the complaint, need not be stricken, although Count IV of the Complaint and paragraph (d) of Terra's prayer must otherwise be dismissed.

## III. CONCLUSION

The Iowa Unfair Claims Settlement Practices Act, Iowa Code Ch. 507B, does not create a private cause of action for an insured, or anyone else, against an insurer. Thus, Count IV of the present complaint, asserting, in the first instance, a cause of action for damages for violations of the statute, must be dismissed. However, notwithstanding failure of the count to state a claim for separate relief, the allegations of unfair claims settlement practices in violation of Iowa law need not be stricken, as they do support Terra's prayer for punitive damages on its bad-faith claim in Count III.

Therefore, the motion of the IRI Defendants and defendant INA to dismiss Count IV of the complaint is **granted,** and Count IV is dismissed, to the extent that Count IV attempts to state a separate cause of action for damages. However, the factual allegations found in paragraph 75 of the complaint need not be stricken.

**IT IS SO ORDERED.**